IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BATESVILLE MISSISSIPPIHAND
PROPERTIES,                                                                                          PLAINTIFF,

VS.                                                                              CIVIL ACTION NO. 2:09CV054-P-S

STARBUCKS CORPORATION,                                                                       DEFENDANT.

# ORDER OF REMAND

This matter comes before the court upon the plaintiff's motion to remand [11]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On February 13, 2009 the plaintiff filed suit in the Chancery Court of Prentiss County, Mississippi seeking specific performance against Starbucks Corporation regarding a commercial lease between the parties. Specifically, the plaintiff sought rent that was one month in arrears, ad valorem taxes, insurance premiums, and for Starbucks to enter into a Subordination Agreement as required by the Lease. It is undisputed that contemporaneously with the filing of the original complaint, Starbucks paid the plaintiff the rental payment due, as well as the ad valorem taxes and insurance premiums.

On March 5, 2009 the plaintiff filed an Amended Complaint in the Chancery Court wherein the plaintiff sought specific performance relief to require Starbucks "to specifically perform its duties and obligations under the Lease in a timely fashion as and when same become due, payable and/or performable," and to award the plaintiff attorney's fees "incurred and to be incurred in this matter in enforcing its rights and the obligations of Starbucks under the lease." Amended Complaint

1

at 4. On March 18, 2009 Starbucks removed this action to federal court, asserting federal diversity jurisdiction because the parties are diverse and the amount in controversy is in excess of $75,000. The plaintiff filed the instant motion to remand on April 16, 2009 in which it argues that the amount in controversy is significantly less than $75,000 since the only relief the plaintiff currently seeks is for Starbucks to be required to enter into the Subordination Agreement per the Lease and to pay attorney's fees associated with the lawsuit. Starbucks counters: (1) since the Amended Complaint seeks an order for Starbucks "to specifically perform its duties and obligations under the Lease in a timely fashion as and when same become due, payable and/or performable," the value of the entire Lease is at issue, which is well over $75,000; (2) the plaintiff has not divulged the amount of attorney's fees sought; and (3) the plaintiff has not indicated the value of the sought order to require entry into the Subordination Agreement.

The burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it. Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253 (5th Cir. 1961). Having considered the parties' arguments, the court concludes that the defendant has not met its burden in showing by a preponderance of the evidence that the amount in controversy is in excess of $75,000.

The defendant argues with particular emphasis that the plaintiff included within its Amended Complaint a prayer that the court would enter an order requiring Starbucks "to specifically perform its duties and obligations under the Lease in a timely fashion as and when same become due, payable and/or performable," thereby making the entire Lease at issue. However, on multiple occasions the plaintiff avers in its briefs that it no longer seeks monetary damages, other than attorney's fees, since Starbucks has already paid the monies originally sought. Rather, the plaintiff avers that it seeks only

specific performance to require Starbucks to enter into the Subordination Agreement as required by the Lease and attorney's fees.

Given the plaintiff's statements made in its briefs, the plaintiff is judicially estopped from seeking anything other than entry into the Subordination Agreement and attorney's fees. The doctrine of judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation." Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988). As articulated by the Mississippi Supreme Court, "[j]udicial estoppel precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in litigation." Richardson v. Cornes, 903 So.2d 51, 56 (Miss. 2005).

Regarding the defendant's other arguments, the defendant has demonstrated insufficient reason to convince the court that remand-related discovery would reveal attorney's fees, combined with the value of entry into the Subordination Agreement, to make the amount in controversy in excess of $75,000. As to the value of entry into the Subordination Agreement, the defendant as a party to the Lease is already in a position to ascertain its value and has not demonstrated by a preponderance of the evidence that its value alone approaches $75,000. Furthermore, the defendant cited no mandatory or persuasive authority equating the value of entry into the Subordination Agreement with the entire value of the Lease.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to remand [11] is **GRANTED**; accordingly,

(2) This case is **REMANDED** to the Chancery Court of Prentiss County, Mississippi from

whence it came; therefore,

    (3) This case is **CLOSED**.

    **SO ORDERED** this the 28th day of May, A.D., 2009.

    /s/ W. Allen Pepper, Jr.
    W. ALLEN PEPPER, JR.
    UNITED STATES DISTRICT JUDGE